### IN THE UNITED STATES DISTRICT COURT
### FOR THE DISTRICT OF KANSAS

JAMES M. GALLIGAN

       Plaintiff**,**

v.

FMS, INC,

       Defendant.

**Case No.:** 11-CV-2004 JAR/JPO

### COMPLAINT AND JURY DEMAND

### JURISDICTION

1. Jurisdiction of this Court arises under 28 U.S.C. § 1331 and 15 U.S.C. § 1692k(d).

2. This action arises out of the Defendant's violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA").

### VENUE

3. Venue is proper in this District.

4. The acts and transactions alleged herein occurred in this Judicial District.

5. The Plaintiff resides in the Judicial District.

6. Defendant transacts business within this Judicial District.

7. The Defendant regularly collects debts by telephone and the mails within this Judicial District.

### PARTIES

8. Plaintiff, James M. Galligan, is a natural person.

9. Plaintiff resides in the City of Shawnee, County of Johnson, State of Kansas.

10. The Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1692a(3).

11. The Plaintiff is an "any person" as that term is used within 15 U.S.C. § 1692 et seq.

12. Defendant, FMS, Inc. is a foreign corporation.

13. Defendant's maintains no Kansas resident agent.

14. Defendant operates from an address of 4915 South Union Avenue, Tulsa, Oklahoma 74107.

15. The Defendant is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

16. The principal business of the Defendant is the collection of debts using the mails and telephone.

17. Defendant regularly attempts to collect debts alleged to be due another.

### FACTUAL ALLEGATIONS AND CAUSES OF ACTION

18. Sometime prior to the filing of the instant action, the Plaintiff allegedly incurred a financial obligation that was primarily for personal, family or household purposes and is a "debt" as that term is defined by 15 U.S.C. § 1692a(5), (hereinafter the "Account").

19. The Account was allegedly not paid and it went into default with the creditor.

20. Sometime thereafter, the alleged debt was assigned, placed or otherwise transferred to the Defendant for collection from the Plaintiff.

21. The Plaintiff disputes the Account.

22. The Plaintiff requests Defendant cease all communication with him personally on the Account.

23. In the year prior to the filing of the instant action, the Plaintiff participated in telephone calls with and received voicemail messages from representatives, employees and/or agents of the Defendant who were attempting to collect the Account.

24. These telephone calls and voicemail messages each individually constituted a "communication" as defined by FDCPA § 1692a(2).

25. Upon information and belief, Defendant possesses recordings of its communications with Plaintiff.

26. Upon information and belief, Defendant possesses telephone logs and/or electronic records of its communications with Plaintiff.

27. During the telephone calls representatives, employees and/or agents of the Defendant failed to meaningfully disclose the caller's identity in violation of 15 U.S.C. §1692d preface and d(6).

28. During the telephone calls representatives, employees and/or agents of the Defendant failed to identify itself as a debt collector in violation of 15 U.S.C. e§1692e preface and e(11).

29. The Defendant and its representatives, employees and/or agents above-listed statements and actions constitute unfair practices and violate 15 U.S.C. § 1692f.

30. As a consequence of the Defendant's collection activities and communications, the Plaintiff has suffered actual damages, including emotional distress.

## RESPONDEAT SUPERIOR

31. The representatives and/or collectors at the Defendant were employees of and agents for the Defendant, were acting within the course and scope of their employment at the time of the incidents complained of herein and were under the direct supervision and control of the Defendant at all times mentioned herein.

32. The actions of the representatives and/or collectors at the Defendant are imputed to their employer, the Defendant.

33. As a direct and proximate result of the aforesaid actions, the Plaintiff has suffered the aforementioned damages.

## JURY TRIAL DEMAND

The Plaintiff is entitled to and hereby demands a trial by jury.  US Const. amend. 7., Fed. R. Civ. Pro. 38.

## DESIGNATION OF PLACE OF TRIAL

Plaintiff requests Kansas City, Kansas as the place of trial.

## PRAYER

**WHEREFORE**, the Plaintiff prays that the Court grants the following:

1. Actual damages under 15 U.S.C. § 1692k(a)(1).

2. Statutory damages under 15 U.S.C. § 1692k(a)(2)(A).

3. Reasonable attorneys fees and costs pursuant to 15 U.S.C. § 1692k(a)(3).

4. A finding that the Defendant violated the FDCPA.

5. Such other and further relief as the Court deems just and proper.

Respectfully submitted,

/s/ J. Mark Meinhardt
J. Mark Meinhardt #20245
4707 College Blvd., Suite 100
Leawood, KS  66211
913-451-9797
Fax 913-451-6163

ATTORNEY FOR PLAINTIFF