**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| JAMES M. GALLIGAN, | ) |
| | ) |
| **Plaintiff,** | ) |
| v. | )   **Case No. 11-2004-JAR-JPO** |
| | ) |
| | ) |
| FMS, INC., | ) |
| | ) |
| **Defendant.** | ) |
| | ) |

**MEMORANDUM AND ORDER**

Plaintiff James Galligan brings this action against defendant FMS, Inc. alleging

violations of the Fair Debt Collection Practices Act ("FDCPA").[1]  This case comes before the

Court on Defendant's Motion for Summary Judgment (Doc. 37).  The motion is fully briefed and

the Court is prepared to rule.  For the reasons stated below, the Court grants Defendant summary

judgment on all claims.

**I.      Summary Judgment Standard**

Summary judgment is appropriate if the moving party demonstrates that there is "no

genuine issue as to any material fact" and that it is "entitled to a judgment as a matter of law."[2]

In applying this standard, the court views the evidence and all reasonable inferences therefrom in

the light most favorable to the nonmoving party.[3]  "There is no genuine issue of material fact

unless the evidence, construed in the light most favorable to the nonmoving party, is such that a

---

[1]15 U.S.C. § 1692.

[2]Fed. R. Civ. P. 56(a).

[3]*City of Harriman v. Bell*, 590 F.3d 1176, 1181 (10th Cir. 2010).

reasonable jury could return a verdict for the nonmoving party."[4]  A fact is "material" if, under

the applicable substantive law, it is "essential to the proper disposition of the claim."[5]  An issue

of fact is "genuine" if "'the evidence is such that a reasonable jury could return a verdict for the

non-moving party.'"[6]

The moving party initially must show the absence of a genuine issue of material fact and

entitlement to judgment as a matter of law.[7]  In attempting to meet this standard, a movant that

does not bear the ultimate burden of persuasion at trial need not negate the other party's claim;

rather, the movant need simply point out to the court a lack of evidence for the other party on an

essential element of that party's claim.[8]

Once the movant has met this initial burden, the burden shifts to the nonmoving party to

"set forth specific facts showing that there is a genuine issue for trial."[9]  The nonmoving party

may not simply rest upon its pleadings to satisfy its burden.[10]  Rather, the nonmoving party must

"set forth specific facts that would be admissible in evidence in the event of trial from which a

---

[4]*Bones v. Honeywell Int'l, Inc.*, 366 F.3d 869, 875 (10th Cir. 2004).

[5]*Wright ex rel. Trust Co. of Kan. v. Abbott Labs., Inc.*, 259 F.3d 1226, 1231–32 (10th Cir. 2001) (citing *Adler v. Wal-Mart Stores, Inc.*, 144 F.3d 664, 670 (10th Cir. 1998)).

[6]*Thomas v. Metro. Life Ins. Co.*, 631 F.3d 1153, 1160 (10th Cir. 2011) (quoting *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986)).

[7]*Spaulding v. United Trasp. Union*, 279 F.3d 901, 904 (10th Cir. 2002) (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986)).

[8]*Adams v. Am. Guar. & Liab. Ins. Co.,* 233 F.3d 1242, 1246 (10th Cir. 2000) (citing *Adler*, 144 F.3d at 671); *see also Kannady v. City of Kiowa*, 590 F.3d 1161, 1169 (10th Cir. 2010).

[9]*Anderson*, 477 U.S. at 256; *Celotex*, 477 U.S. at 324; *Spaulding*, 279 F.3d at 904 (citing *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

[10]*Anderson*, 477 U.S. at 256; *accord Eck v. Parke, Davis & Co.*, 256 F.3d 1013, 1017 (10th Cir. 2001).

rational trier of fact could find for the nonmovant."[11] To accomplish this, the facts "must be

identified by reference to an affidavit, a deposition transcript, or a specific exhibit incorporated

therein."[12]  Rule 56(c)(4) provides that opposing affidavits must be made on personal knowledge

and shall set forth such facts as would be admissible in evidence.[13]  The non-moving party

cannot avoid summary judgment by repeating conclusory opinions, allegations unsupported by

specific facts, or speculation.[14]

Finally, summary judgment is not a "disfavored procedural shortcut"; on the contrary, it

is an important procedure "designed to secure the just, speedy and inexpensive determination of

every action."[15]  In responding to a motion for summary judgment, "a party cannot rest on

ignorance of facts, on speculation, or on suspicion and may not escape summary judgment in the

mere hope that something will turn up at trial."[16]

## II.    Uncontroverted Facts

The following facts are either uncontested, stipulated to, or viewed in the light most

favorable to Plaintiff.  Defendant FMS, Inc., is an asset receivables management company which

collects outstanding receivables for its clients.  Plaintiff James Galligan has an outstanding

---

[11]*Mitchell v. City of Moore, Okla.*, 218 F.3d 1190, 1197–98 (10th Cir. 2000) (quoting *Adler*, 144 F.3d at 671); *see Kannady*, 590 F.3d at 1169.

[12]*Adams*, 233 F.3d at 1246.

[13]Fed. R. Civ. P. 56(c)(4).

[14]*Id.*; *Argo v. Blue Cross & Blue Shield of Kan., Inc.*, 452 F.3d 1193, 1199 (10th Cir. 2006) (citation omitted).

[15]*Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986) (quoting Fed. R. Civ. P. 1).

[16]*Conaway v. Smith,* 853 F.2d 789, 794 (10th Cir. 1988).

balance of $1,106.86 on his Citibank "CITGO Card," and this lawsuit relates to Defendant's

effort to collect from Plaintiff this outstanding debt.  A representative of Defendant first called

Plaintiff on September 25, 2010, by telephone and asked Plaintiff to verify his mailing address

and the last four digits of his Social Security number.  Plaintiff complied with these requests,

confirming his identity. The caller then advised Plaintiff that Plaintiff was speaking with a debt

collector and also explained the nature of the debt.  Plaintiff then requested that Defendant send

him a letter detailing his outstanding balance.  After agreeing to send the letter, Defendant stated

that it would call Plaintiff back in seven days to confirm his receipt of the letter.

On October 8, 2010, Plaintiff called Defendant and asked the nature of Defendant's

business and the location of its headquarters.  Plaintiff admits that by October 8, 2010, he knew

that Defendant was a debt collector.  Later that day, Plaintiff again spoke to Defendant, and the

caller asked Plaintiff to confirm his mailing address and the last four digits of his Social Security

number.  Plaintiff again complied with these requests, and the caller proceeded to explain that he

was a debt collector and that the conversation was an attempt to collect a debt.  Plaintiff told

Defendant that he would call Defendant back.

On October 25, 2010, a representative of Defendant again called Plaintiff.  Plaintiff

described the conversation as follows:

> They—the lady did not say anything like I—this is an attempt to collect a debt
> and nothing about being a debt collector.  And I said—she wanted to know my
> address, and I said you give me your address then I'll give you mine, and she
> hung up.

Plaintiff again spoke with Defendant in a call initiated by a representative of Defendant

on November 1, 2010.  Defendant requested Plaintiff to confirm his mailing address and the last

four digits of his Social Security number.  Although Plaintiff provided his mailing address, he

refused to confirm his Social Security number.  Defendant responded by saying, "[u]nfortunately

I can't continue the call unless the two [address and last four digits of the Social Security

number] are verified."  Defendant then ended the call.

The final conversation on record occurred on November 5, 2010.  Again, Plaintiff refused

to confirm the last four digits of his Social Security number.  As a result, Defendant told Plaintiff

that the call could not be continued without the confirmation of his Social Security number, and

the call was then terminated. It is uncontested that Plaintiff never asked any of Defendant's

representatives to stop calling him.  It is further uncontested that Plaintiff claims he was

distressed by Defendant's calls but admitted that he received similar calls from other debt

collectors, which also caused him distress.

## III.    Discussion

Plaintiff contends that Defendant violated five provisions of the FDCPA.  The Court

addresses each in turn.

### A.    15 U.S.C. §  1692(d)(5)

15 U.S.C. § 1692(d) provides that "[a] debt collector may not engage in any conduct the

natural consequence of which is to harass, oppress, or abuse any person in connection with the

collection of a debt."  Further, § 1692(d)(5) prohibits the debt collector from "[c]ausing a

telephone to ring or engaging any person in telephone conversation repeatedly or continuously

with intent to annoy, abuse, or harass any person at the called number."

Defendant argues that there is no evidence of Defendant's intent to annoy, abuse, or harass Plaintiff in violation of the FDCPA.  In deciding a motion for summary judgment, the Court considers the volume and pattern of the calls by the debt collector to the plaintiff.[17]  A high volume of calls unaccompanied by other egregious conduct is insufficient to raise a triable issue of fact for the jury.[18]  Other egregious conduct may include calling after immediately hanging up, calling multiple times in a single day, calling places of employment, calling family or friends, calling at odd hours, or calling after being asked to stop.[19]  For example, in *Tucker v. CBE Group, Inc.*, 57 calls were made by the debt collector to the plaintiff over an undetermined period of time, including seven calls in one day.[20]  The Middle District of Florida found this to be insufficient to constitute a triable issue of fact because the defendant never spoke to the plaintiff, was never asked to stop calling, and never called back the same day after leaving a message.[21]  Similarly, in *Saltzman v. I.C. Systems, Inc.*, the court noted that difficulty reaching plaintiff is not the same as intent to harass.[22]  There, the debt collector unsuccessfully called the plaintiff 20 to 50 times in one month.[23]  The court granted summary judgment for the defendant, holding that difficulty reaching the plaintiff is not the same as intent to harass.[24]

---

[17]*Carman v. CBE Group, Inc*., 782 F. Supp. 2d 1223, 1230-31 (D. Kan. 2011).

[18]*Id.*

[19]*Id.*

[20]710 F. Supp. 2d 1301 (M.D. Fla. 2010).

[21]*Id.*

[22]No. 09-10096, 2009 WL 3190359, at * 6-7 (E.D. Mich. Sept. 30, 2009).

[23]*Id.*

[24]*Id.*

In this case, the Court finds there is no evidence of an unacceptable pattern of calls.  The record lacks any indicia of the type of egregious conduct that would raise an issue of triable fact when coupled with a high call volume.  Plaintiff relies on evidence that, on October 8, 2010, Defendant stated that "[w]e have called you like eighty times."  Accepting as true Plaintiff's contention that Defendant called him 80 times, a high volume of calls without other egregious conduct does not constitute a triable issue of fact or intent under § 1692(d)(5).  In *Carman*, the plaintiff's opinion alone about whether the calls were harassing was not evidence of FBS's intent.[25]  There, the plaintiff failed to include additional evidence of egregious conduct, such as the defendant calling the plaintiff during unacceptable hours of the day, or the defendant's calls being made the same day after speaking with the plaintiff, after the plaintiff hung up, or after leaving a message.[26]  The plaintiff further failed to demonstrate that she told the defendant to stop calling her, which also would have been evidence of additional egregious conduct to support the § 1692(d)(5) claim.[27]

Here, Plaintiff argues that he felt that Defendant's tone during the conversations was inappropriate, and that, because the transcripts of the conversations do not "give the flavor" of the telephone conversations between Defendant and Plaintiff, the conversations should be heard by the jury.  However, as stated in *Carman*, Plaintiff's opinion alone about whether the calls were harassing is not evidence of FMS's intent to annoy, harass, or abuse Plaintiff.[28]  There must

---

[25]782 F. Supp. 2d at 1232.

[26]*Id.*

[27]*Id.*

[28]*Id.*

be other evidence of egregious conduct to evince an intent to annoy, abuse, or harass.[29]

Additionally, as in *Carman*, difficulty reaching the plaintiff cannot be equated with an intent to

harass.[30]  There, the debt collector spoke to the plaintiff one time, and the plaintiff told the

defendant to call back at a later date.[31]  However, despite 149 unsuccessful attempts, the

defendant was unable to reach the plaintiff.[32]  This court held that the evidence suggested a

reasonable attempt by the defendant to contact the plaintiff rather than an intent to harass.[33]

Similarly, here, many of the calls placed by Defendant to Plaintiff were discontinued

when Plaintiff refused to confirm his identity via the last four digits of his Social Security

number.  During the first phone conversation on September 25, 2010, Plaintiff confirmed his

Social Security number, but requested more information regarding his outstanding balance.

Defendant told Plaintiff that it would send him more information regarding his outstanding

balance, and that Defendant would call Plaintiff back in seven days to confirm that he received

the letter.  During the conversation on October 8, 2010, Plaintiff confirmed his Social Security

number but again requested more information regarding his balance.  The remaining three

conversations on record took place on October 25, 2010, November 1, 2010, and November 5,

2010.  When Plaintiff refused to confirm his identity via his Social Security number during each

conversation, the calls were terminated.  Under the FDCPA, when a debt collector is unable to

confirm the debtor's identity via the debtor's Social Security number, the debt collector must

---

[29]*Id.*

[30]*Id*.

[31]*Id.* at 1227.

[32]*Id.*

[33]*Id.* at 1232.

terminate the call.[34]  As a result, the evidence of a high volume of calls by Defendant to Plaintiff

suggests a reasonable attempt to contact Plaintiff, rather than an intent to harass.[35]  Therefore, for

the abovementioned reasons, summary judgment is granted as to Plaintiff's § 1692(d)(5) claim.

**B.      15 U.S.C. § 1692(d)(6)**

Defendant next argues that there is no evidence to show its failure to meaningfully

disclose its identity when communicating with Plaintiff.  According to 15 U.S.C. § 1692(d)(6),

"[e]xcept as provided in section 1692 of this title, the placement of telephone calls without

meaningful disclosure of the caller's identity" is prohibited by the FDCPA as conduct that has

the natural consequence of harassing, abusing, or oppressing anyone in connection to the debt.

"Meaningful disclosure" requires the debtor to state his or her name, capacity, and to provide

enough information to the consumer as to the purpose of the call.[36]  In *Doshay*, the voicemail that

the debt collector left on the plaintiff's phone did not identify himself as a debt collector and did

not reveal that the purpose of the call was with respect to the collection of a debt.[37]  However,

the court stated that a debt collector may omit such meaningful disclosure when the

communication is with any person other than the consumer for the purpose of acquiring location

information about the consumer.[38]

---

[34]*See* 15 U.S.C. § 1692(b) (stating that a debt collector is forbidden from revealing to a third party the identity of the debtor).

[35]*See Carman*, 782 F. Supp. 2d at 1232.

[36]*Doshay v. Global Credit Collection Corp.*, 796 F. Supp. 2d 1301, 1303-04 (D. Colo. 2011).

[37]*Id.*

[38]*Id.* (citing 15 U.S.C. § 1692(b)).

Plaintiff identifies two conversations where Defendant identified itself as an "asset management company" and argues that this was misleading, in violation of § 1692(d)(6). The transcripts of the conversations between Plaintiff and Defendant on September 25, 2010 and October 8, 2010, during which Defendant identified itself as an asset management company, were initiated by Plaintiff. With respect to the October 8, 2010 conversation, Plaintiff offers no evidence that Defendant knew he was talking to the debtor. According to the transcript of the conversation, Plaintiff called Defendant and asked, "what SMS is." Defendant responded by saying that it was an asset management company. Plaintiff then asked where Defendant's headquarters were, and Defendant told Plaintiff it was headquartered in Tulsa, Oklahoma. The conversation then ended. Section 1692(b) forbids the debt collector from revealing to a third party that the consumer has an outstanding debt. Thus, Defendant was not obliged by § 1692(d)(6) to reveal its identity to an unknown caller, because doing so would run the risk of revealing to a third party that Plaintiff owed a debt, in violation of § 1692(b).

As for the September 25, 2010 conversation, the transcript reveals that Defendant, after confirming Plaintiff's name, address, and last four digits of his Social Security number, revealed its identity, its capacity as a debt collector, and disclosed enough information to Plaintiff as to the caller's identity and the purpose of the call.[39] Defendant informed Plaintiff that the purpose of the call was to collect an outstanding balance owed to Citi Bank in the amount of $1106.86. There is no indication that the caller did not meaningfully disclose his identity as Defendant's representative. As a result, because Plaintiff failed to submit any evidence to suggest Defendant

---

[39]*See Doshay*, 796 F. Supp. 2d at 1304.

did not meaningfully disclose its identity to Plaintiff as required by § 1692(d)(6), summary

judgment is granted as to that claim.

### C.      15 U.S.C. § 1692(e)

According to 15 U.S.C. § 1692(e), "[a] debt collector may not use any false, deceptive, or

misleading representation or means in connection with the collection of any debt."   In

determining whether a debt collection practice is deceptive or misleading, the fact-finder must

view the practice "objectively from the perspective of the least sophisticated consumer."[40]

Plaintiff alleges that Defendant, in violation of § 1692(e), falsely stated that it was an "asset

management company," falsely stated that "I am here to help you," and, when asked to verify the

debt, falsely stated that, "[t]he burden of proof is on you sir.  I don't have to prove it.  I have the

debt.  The debt is right here in front of me."

The Court has already concluded that Defendant did not violate the FDCPA by

identifying itself as an "asset management company."  Plaintiff has also failed to raise a triable

issue of fact as to the remainder of his allegations.  First, Defendant correctly points out that

Plaintiff may not take several sentences of a conversation out of context and claim they are

deceptive or misleading.[41]  By reading the entire transcript of the conversation between Plaintiff

and Defendant on October 8, 2010, and placing the statement, "the burden of proof is on you,

sir" in context, it is clear that Defendant did not suggest that Plaintiff has the burden of proving

---

[40]*D'Avanzo v. Global Credit & Collection Corp.*, 2011 WL 2297697, at \*2 (D. Colo., Apr. 18, 2011).

[41]*See, e.g., Peter v. GC Servs. LP*., 310 F.3d 344, 349 (5th Cir. 2002) ("When the letter is read as a whole, however, we conclude that these lines do not misrepresent, contradict, or overshadow the language explaining the plaintiff debtor's statutory rights."); *McStay v. I.C. Sys., Inc*., 308 F.3d 188, 191 (2d Cir. 2002) ("when the letter here is read in its entirety, it contains no contradiction and creates no reasonable confusion . . . .").

that he did not owe the debt in a civil court.  Rather, Defendant was referring to its right to

attempt to collect the debt from Plaintiff, and that Defendant was not obligated to prove debts

before attempting to collect them.  Plaintiff first said to Defendant, "Well, you just call people

and ask for money?  Without any proof?"  Defendant then asked Plaintiff to verify the last four

digits of his Social Security number, and Plaintiff responded by saying, "Well do you have any

proof?"  This is when Defendant responded with the statement at issue, that "the burden of proof

is on you, sir."  Later in the conversation, Defendant clarified any confusion about Plaintiff's

burden by informing Plaintiff that he could request that Defendant send him validation of the

outstanding debt.

Second, Defendant's statement, "I am here to help you," is not false or misleading in

violation of § 1692(e).  Although authority is lacking as to whether this statement violates the

FDCPA as a matter of law, Defendant cites *Hapin v. Arrow Financial Services*,[42] where the court

addressed a similar issue.  There, the debt collector, in a letter to the plaintiff, stated that it

wanted to help the plaintiff satisfy his obligations and regain his financial future.  The court held

that this did not violate § 1692(e) because the defendant clearly stated that the purpose of the

letter was to collect a debt, and under the "least sophisticated consumer standard," the

defendant's statements did not indicate anything other than the existence of a debtor/creditor

relationship.[43]  Similarly, in this case, Defendant clearly indicated to Plaintiff that it was a debt

collector and that the purpose of the conversation was to collect a debt owed by Plaintiff.[44]

---

[42]428 F. Supp. 2d 1057, 1059 (N.D. Cal. 2009).

[43]*Id*. at 1062.

[44]*See id.*

Therefore, after viewing Defendant's statements objectively from the perspective of the least sophisticated consumer, this Court finds that no reasonable jury could conclude that Defendant's statements were false or misleading, and grants Defendant's motion for summary judgment as to its § 1692(e) claim.

**D.      15 U.S.C. § 1692(e)(11)**

Under § 1692(e)(11), "[t]he failure to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure to disclose in subsequent communications that the communication is from a debt collector, except that this paragraph shall not apply to a formal pleading made in connection with a legal action" constitutes a false or misleading representation.  As previously mentioned above, in each conversation between the Defendant and Plaintiff, there is no genuine issue of material fact about whether Defendant disclosed the purpose of the call, without violating § 1692(b).

**E.      15 U.S.C. § 1692(f)**

Plaintiff's claim that Defendant used unfair or unconscionable means in attempting to collect a debt fails.  Plaintiff argues that Defendant falsely stated that "[t]he burden of proof is on you sir.  I don't have to prove it.  I have the debt.  The debt is right here in front of me," and that this constitutes "unfair or unconscionable means" to collect a debt in violation of § 1692(f).  However, under Rule 56 of the Federal Rules of Civil Procedure, the party opposing a motion for summary judgment "may not rely on mere allegations . . .  in its own pleading; rather, it must . . .

set out specific facts showing a genuine issue for trial.[45]  In *Saltzman*, the court granted the

defendant's motion for summary judgment when the plaintiff failed to provide evidentiary

support beyond the generic allegations in his complaint showing that the Defendant violated §

1692(f) by threatening the plaintiff with a lawsuit, calling the plaintiff several times a day, and

engaging in abusive conversations with the plaintiff.[46]  And in *Carman*, the court granted

defendant's motion for summary judgment on the plaintiff's claim that the defendant's failure to

leave a voice mail message is an unfair means to collect a debt because the plaintiff failed to

articulate how the defendant's conduct was an unfair means to collect a debt.[47]  Similarly, here,

Plaintiff fails to articulate how Defendant's claim, "[t]he burden is on you, sir" is an unfair or

unconscionable means to collect a debt.[48]  He offers no other evidence supporting his claim that

the Defendant's statement constituted an "unfair or unconscionable means" to collect a debt.

Further, Plaintiff provides no case law supporting his claim that Defendant's conduct constituted

an unfair means to collect a debt.[49]   Therefore, summary judgment is granted as to Defendant's §

1692(f) claim.

        **IT IS THEREFORE ORDERED BY THE COURT** that Defendant's Motion for

Summary Judgment (Doc. 37) is **granted**.

Dated: April 11, 2012

                                        S/ Julie A. Robinson

---

[45]Fed. R. Civ. P 56(e).

[46]2009 WL 3190359, at * 3.

[47]782 F. Supp. 2d at 1234-35

[49]*See id.*

[49]*See Saltzman*, 2009 WL 3190359, at *3.

JULIE A. ROBINSON

UNITED STATES DISTRICT JUDGE